## SAM LEE v. STATE.

No. A-7563.  Opinion Filed Dec. 6, 1930.
(293 Pac. 1114.)

Herman S. Davis, for plaintiff in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

CHAPPELL, J.  Plaintiff in error, hereinafter called defendant, was convicted in the district court of Greer county of the crime of unlawfully operating a motor vehicle upon the public highway while under the influence of intoxicating liquor, and upon failure of the jury to agree upon the punishment, the court fixed the same at imprisonment in the penitentiary for a term of one year.

Defendant in his brief says:

"It must be admitted that there was sufficient evidence to warrant the court in submitting the case to the jury.  In view of this situation, there is but one question which we desire to submit to the court for consideration, to wit:  That the punishment assessed in this case is excessive and should be modified by this court."

The evidence in the case shows an aggravated case of reckless driving by the defendant while he was very drunk. The undisputed evidence is that he was driving his car at a speed of about 30 miles an hour, zigzagging from one side of the public highway to the other, and that when the complaining witnesses, who were driving a car in the opposite direction, attempted to dodge him by turning their car into a ditch, the defendant, being unable to control his car, drove it into their car, and wrecked both of them. Several witnesses called by the state testified that the defendant was very drunk, staggering, and talking incoherently, and that he had with him a half-gallon fruit jar full of whisky and another half-gallon jar about half full, and that he drank out of this latter jar and offered drinks to several other people who were present. The defendant did not take the witness stand and offer to explain his side of the case, if he had any, except to introduce a witness who testified that he did not believe the defendant was drunk, and that the defendant did offer to pay the damages occasioned by the accident.

The Attorney General suggests in his brief that the case is not one that will justify a reduction of punishment.

The defendant while driving his car upon the public highway in this drunken condition was a potential murderer. The trial court in its discretion fixed his punishment at imprisonment for one year in the state penitentiary. The court had heard the evidence and had seen the witnesses and was familiar with the circumstances surrounding the case, and we cannot say from the record that the sentence imposed is excessive.

For the reasons stated, the cause is affirmed.

EDWARDS, P. J., and DAVENPORT, J., concur.